UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SKY GLOBAL, LLC,

    Plaintiff,

v.

WILLIAM NOBLE and WILLIAM NOBLE
RARE JEWELS, LP,

    Defendants.
_____

**DECISION AND ORDER**

1:18-CV-00629 EAW

## **INTRODUCTION**

  Plaintiff Sky Global LLC ("Plaintiff") commenced this action in New York State Supreme Court, Erie County, by filing a Summons and Complaint, both dated April 19, 2018, alleging that defendants William Noble ("Noble") and William Noble Rare Jewels LP ("Rare Jewels") (collectively, "Defendants") breached a contract to purchase goods and merchandise from Plaintiff. (Dkt. 1-2; Dkt. 1-3). Defendants removed the action to federal court on June 1, 2018. (*See* Dkt. 1). However, Defendants failed to set forth "a short and plain statement of the grounds for removal" within their notice of removal. 28 U.S.C. § 1446(a); (*see* Dkt. 1-7). Indeed, Defendants' notice of removal is absent *any* allegations supporting federal jurisdiction.

  On June 8, 2018, Defendants moved to dismiss the action for lack of personal jurisdiction. (Dkt. 3). Plaintiff opposed the motion. (Dkt. 7; Dkt. 8). This case was transferred to the undersigned on July 16, 2018. (Dkt. 9). Although a motion hearing is currently scheduled for January 11, 2019, at 10:00 a.m. at the United States Courthouse in

- 1 -

Rochester, New York (Dkt. 10), upon further consideration of the parties' filings, the Court concludes that the matter must be remanded to New York State Supreme Court, Erie County, for lack of federal subject matter jurisdiction.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint (Dkt. 1-3), Noble's declaration (Dkt. 4-1), and the declaration of Ryan Rich ("Rich"), Plaintiff's owner (Dkt. 7). Plaintiff is a foreign limited liability company that is authorized to do business in New York State, and which maintains a principal place of business in Erie County, New York. (Dkt. 1-3 at ¶ 1). Noble is a resident of the State of Texas who transacts business in New York State. (*See id.* at ¶¶ 2-3). Rare Jewels is a limited partnership, which maintains its principal place of business in Texas, and transacts business in New York State as well. (*See id.* at ¶¶ 4-5). Noble is the "founder and managing partner" of Rare Jewels. (*See* Dkt. 4-1 at ¶ 3).

According to Rich, Plaintiff has "sold Defendants various jewelry and watches for many years." (Dkt. 7 at ¶ 5). Since 2014, "Defendants have approached [Plaintiff] on multiple occasions to sell or purchase luxury jewelry and watches," and have "requested that [Plaintiff] provide its expert advice on pricing for various pieces owed [sic] or marketed by the Defendants." (*Id.* at ¶ 6). In addition, Defendants have asked Plaintiff to "'loan' out some of its jewelry and watches so Defendants could show them to potential customers." (*Id.* at ¶ 7). For example, Plaintiff previously sent two watches and a Van Cleef necklace from New York to Texas so that Defendants could display them to potential customers. (*Id.* at ¶ 8). When the prospective buyers did not purchase the items,

Defendants returned the goods to Plaintiff in New York. (*Id.*). Defendants have also "regularly sent jewelry, photographs, and descriptions of jewelry and/or precious stones to [Plaintiff] in New York," seeking Plaintiff's assistance in finding buyers for those items. (*Id.* at ¶ 9).

Between October 2017 and February 2018, Plaintiff delivered goods and merchandise purchased by Defendants. (Dkt. 1-3 at ¶ 6). Plaintiff has attached "statements/invoices sent to Defendants confirming delivery, costs, and payments of the good and/or merchandise" to its Complaint. (*Id.* at ¶ 9; *see* Dkt. 1-4). Defendants "contacted [Plaintiff] in New York to purchase these items," which were then shipped to Texas. (Dkt. 7 at ¶ 13). Defendants "agreed to remit payment to [Plaintiff] in New York." (*Id.*).

Despite Plaintiff's request for the payment due on the goods and merchandise sold to Defendants, Defendants have not paid the balance currently owed. (*See* Dkt. 1-3 at ¶¶ 10-11, 13). As a result, Defendants currently owe Plaintiff $488,331.84. (*Id.* at ¶ 12). Plaintiff commenced this action in state court to recover the amount allegedly owed. (*See id.* at 4-5).

## DISCUSSION

### I. Subject Matter Jurisdiction

#### A. General Principles

"Federal courts have a duty to inquire into their subject matter jurisdiction sua sponte, even when the parties do not contest the issue." *D'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.*, 756 F.3d 151, 161 (2d Cir. 2014). "It is well-settled that the party asserting

federal jurisdiction bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). "In a case removed to federal court from state court, the removal statute is to be interpreted narrowly, and the burden is on the removing party to show that subject matter jurisdiction exists and that removal was timely and proper." *Winter v. Novartis Pharm. Corp.*, 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014) (citing *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## B. Diversity Jurisdiction

"Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000." *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 455 (W.D.N.Y. 2011). "'[C]itizens of different States' means that there must be complete diversity, i.e., that each plaintiff's citizenship must be different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009); *see Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 445 (2d Cir. 1995) ("It is a long-settled rule that in order to invoke diversity jurisdiction, the petitioner must show 'complete diversity'—that is, that it does not share citizenship with any defendant."). "A person's citizenship for purposes of diversity is based upon his domicile." *Ceglia*, 772 F. Supp. 2d at 455.

"It is an 'oft-repeated rule that diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of all the members' of the entity." *Quantlab Fin., LLC, Quantlab Techs. Ltd. (BVI) v. Tower Research Capital, LLC*, 715 F. Supp. 2d 542, 546 (S.D.N.Y. 2010) (quoting *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96

(1990)). "A limited liability company takes the citizenship of its members." *Avant Capital Partners, LLC v. W108 Dev. LLC*, No. 16 CIV. 3359 (LLS), 2016 WL 3660756, at *1 (S.D.N.Y. June 30, 2016) (citing *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)); *see Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) ("[F]or purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership." (citation omitted)). In addition, "for purposes of diversity jurisdiction, limited partnerships have the citizenship of each of its general and limited partners." *Handelsman*, 213 F.3d at 52 (citing *Carden*, 494 U.S. at 195-96).

### C. The Notice of Removal is Substantively Defective

Defendants' barebones notice of removal does not comply with the requirements for proper removal to federal court. A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Defendants' notice of removal indicates only that Defendants have filed a notice of removal with the United States District Court for the Western District of New York and have filed a copy of that notice with the Clerk of Court of the New York State Supreme Court in Erie County. (Dkt. 1-7). The notice is wholly absent any jurisdictional allegations that set forth the grounds for removal.

"The notice of removal generally must be filed within thirty days after the receipt of the initial state court pleading." *Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp. 919, 924 (S.D.N.Y. 1995). "A petition for removal may be amended freely within the statutory

30-day period calculated from the date of service of the initial state court pleading. Thereafter it may be amended to set forth more specifically grounds for removal which were imperfectly stated in the original petition." *CBS Inc. v. Snyder*, 762 F. Supp. 71, 73 (S.D.N.Y. 1991). "In construing a removal notice, courts distinguish 'between an "imperfect" or "defective" allegation and a wholly missing allegation. . . .'" *Rhinehart v. CSX Transp., Inc.*, No. 10-CV-0086A(F), 2010 WL 2388859, at *4 (W.D.N.Y. June 9, 2010) (quoting *Snyder*, 762 F. Supp. at 73). Generally, leave to amend the notice of removal is granted only when "the proposed amendments are technical in nature or merely serve to clarify what was contained in the original notice for removal, but not when the proposed amendment aims to remedy a fundamental defect in the original notice of removal or attempts to add a new ground for removal." *Stuart v. Adelphi Univ.*, No. 94 CIV. 4698 (LMM), 1994 WL 455181, at *1 (S.D.N.Y. Aug. 19, 1994); *see Valente v. Garrison From Harrison LLC*, No. 15-CV-6522 (DLI)(MDG), 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) ("[W[here, as here, the initial pleading in a state court action is the basis for removal, the removing party may not amend its notice of removal to correct a substantive defect unless it does so within thirty days of receipt of the state court pleading.").

As noted above, Defendants' notice of removal does not set forth any jurisdictional basis for the removal of Plaintiff's action to this Court. The failure to provide *any* allegations setting forth a basis for removal is a substantive defect and not merely an imperfect, technical pleading error. *See Brown v. Progressive Cas. Ins. Co.*, No. 18-CV-03753 (ARR) (SJB), 2018 WL 4404071, at *2 (E.D.N.Y. Sept. 17, 2018) ("The failure to allege diversity or federal question jurisdiction constitutes a substantive defect.");

*Briarpatch Ltd., L.P. v. Pate*, 81 F. Supp. 2d 509, 517 (S.D.N.Y. 2000) ("Failure to assert federal question jurisdiction as a basis for removal is a substantive defect."); *Wyant*, 881 F. Supp. at 925 ("Amtrak did not assert its federal question basis for removal in its notice of removal in any way. This Court cannot now, six months after the filing of the notice of removal and more than seven months after the filing of the complaint, permit it to add this new substantive ground for removal."). The absence of any alleged jurisdictional basis distinguishes this case from those where the defendants' "jurisdictional allegations in the Notice of Removal *are not absent but are defective*, and may be properly clarified by amendment." *Cf. Grow Grp., Inc. v. Jandernoa*, No. 94 CIV. 5679 (RPP), 1995 WL 60025, at *2 (S.D.N.Y. Feb. 10, 1995) (emphasis added).

Although the Court notes that the civil cover sheet indicates that removal would likely be sought on diversity grounds (Dkt. 1-1), "[t]he civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers," *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989); *see Scheibler v. Highmark Blue Shield*, 243 F. App'x 691, 694 n.3 (3d Cir. 2007) (declining to consider any "defects in the civil cover sheet the [d]efendants filed with the Notice of Removal" in determining whether the notice of removal was proper because the civil cover sheet is not generally considered part of the pleadings); *Ayling v. Crosson*, No. 1:17-CV-04521 (ODE)(AJB), 2017 WL 6419130, at *4 n.4 (N.D. Ga. Nov. 13, 2017) ("The Civil Cover Sheet is not part of the removal petition, and allegations on the Civil Cover Sheet are not part of the removal petition. Thus, the Court ignores this entry on the Civil Cover Sheet." (citations omitted)), *report and recommendation adopted*, 2017 WL 6419292

(N.D. Ga. Dec. 14, 2017); *Firearm Owners Against Crime v. City of Harrisburg*, No. 1:15-CV-00322, 2015 WL 2095389, at *5 (M.D. Pa. May 5, 2015) ("[C]ivil cover sheets are administrative tools with no substantive legal effect."); *cf. Pagan v. Bug Runner Extermination Co.*, No. 17-CV-06777 (SHS), 2017 WL 4326075, at *2 (S.D.N.Y. Sept. 19, 2017) ("assum[ing] that this removal was made on the basis of diversity jurisdiction," in part, by reference to the civil cover sheet, where the "Notice of Removal alleges facts relevant to determining the diversity of the parties and includes a section titled 'Diversity of Citizenship'"). Indeed, while Noble declares that he is the "managing partner" of Rare Jewels (Dkt. 4-1 at ¶ 3), there is nothing in the record that reveals the citizenship of any of Plaintiff's members, or any other of Rare Jewels' partners.

Defendants have never filed an amended notice of removal, nor have they ever sought to do so. "Because more than 30 days have passed 'from the date of service of the initial state court pleading,'" Defendants' notice of removal "only 'may be amended to set forth more specifically grounds for removal which were imperfectly stated in the original petition,' and 'may not be untimely amended' to correct 'fundamental' defects." *Grohs v. Grohs*, No. 3:17-CV-01605 (SRU), 2017 WL 5171845, at *3 (D. Conn. Nov. 8, 2017) (quoting *Snyder*, 762 F. Supp. at 73). Since the notice of removal evinces a "total absence of jurisdictional foundations," *Snyder*, 762 F. Supp. at 76 (quoting *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 301 (10th Cir. 1968)), these "defects were 'fundamental'—that is, 'substantive'—and no amendment would have corrected" them, *Grohs*, 2017 WL 5171845, at *3. Accordingly, Defendants may not cure the defects in their notice of removal by seeking leave to amend the notice of removal. *See, e.g., Brown,*

2018 WL 4404071, at *2 (denying the defendant's request to file an amended notice of removal where the defendant's "notice of removal did not allege diversity jurisdiction," and the defendant "never filed an amended notice of removal").

It is worth emphasizing that "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, "[r]emoval jurisdiction must be 'strictly construed.'" *Raghavendra v. Stober*, No. 11 CIV. 9251 (PAC) (HBP), 2012 WL 2324481, at *3 (S.D.N.Y. May 21, 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)), *report and recommendation adopted*, 2012 WL 2334538 (S.D.N.Y. June 18, 2012). Any doubts that a case is properly removed to federal court are "resolved against removability 'out of respect for the limited jurisdiction of the federal courts and the rights of states.'" *Id.* (quoting *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig.*, 488 F.3d 112, 124 (2d Cir. 2007)). The federal courthouse doors are not so casually flung open, and it remains the burden of the party asserting federal jurisdiction to demonstrate the propriety of a federal court's assumption of jurisdiction. *Blockbuster*, 472 F.3d at 57. Defendants have utterly failed to carry that burden in this case.

Therefore, the action is remanded to New York State Supreme Court, Erie County for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the case is remanded to the New York State Supreme Court, County of Erie. The Clerk of Court is instructed to mail a certified copy of this Decision and Order, with a clear reference to Supreme Court, County of Erie, Index No. 806234/2018 to the clerk of the state court, and then to close the case.

SO ORDERED.

                                                                _____
                                                                ELIZABETH A. WOLFORD
                                                                United States District Judge

Dated:  December 17, 2018
           Rochester, New York